Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Violeta I. Perdomo Tavárez<br><br>Recurrente<br><br>vs.<br><br>Administración de Compensaciones por Accidentes Automóviles<br><br>Recurrida | KLRA202300529 | **REVISIÓN ADMINISTRATIVA** procedente de la Administración de Compensaciones por Accidentes Automóviles<br><br>ACAA Núm.: 10-286513-01<br><br>Sobre: Art. 6(I), Ley Núm. 111-2020; Regla 3(1) Reglamento 9249 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Comparece ante nos, la señora Violeta I. Perdomo Tavárez (Sra. Perdomo Tavárez o parte recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución Final" notificada el 19 de septiembre de 2023,[1] por la Junta de Directores de la Administración de Compensaciones por Accidentes Automóviles (Junta de Directores de la ACAA o parte recurrida). Mediante dicha determinación, la Junta de Directores de la ACAA declaró Ha Lugar la solicitud de apelación presentada por la parte recurrente, y ordenó se le concediera el reemplazo de certificación de autorización de servicios para radiografías de rodilla izquierda, rodilla derecha y espalda media.

Cabe recalcar que, la Sra. Perdomo Tavárez sometió una "Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia" (*In Forma Pauperis*), la cual está debidamente cumplimentada y, evaluada la misma, se acepta y aprueba según presentada.

---

[1] Notificada el 25 de septiembre de 2023.

Número Identificador

SEN2023 _____

Luego de evaluar el escrito de la parte recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida,[2] y confirmamos el dictamen mediante los fundamentos que expondremos a continuación.

## I.

El 14 de junio de 2022, el Director de la Oficina Regional de la ACAA en San Juan denegó a la Sra. Perdomo Tavárez ciertos servicios médicos, al negarle el reemplazo de certificación de autorización de servicios para radiografías de rodilla izquierda, derecha y espalda media. Fundamentó su determinación en que la parte recurrente abandonó el tratamiento, por no haber utilizado los cupones de Rayos X dentro de los 90 días que dispone la Ley 111-2020, *infra.*

Inconforme, el 31 de julio de 29023, la Sra. Perdomo Tavárez presentó una solicitud de apelación ante la Junta de Directores de la ACAA. Evaluada su petición, el 19 de septiembre de 2023,[3] la parte recurrida declaró Ha Lugar la solicitud presentada por la Sra. Perdomo Tavárez. Así, ordenó se le concediera el reemplazo de certificación de autorización de servicios para radiografías de rodilla izquierda, rodilla derecha y espalda media.

A pesar de lo anterior, la Sra. Perdomo Tavárez recurre ante este foro apelativo intermedio, y solicita una compensación económica, más la concesión de las terapias necesarias para mejorar su salud.

## II.

La Ley Núm. 111-2020, 9 LPRA sec. 3161, *et seq.,* mejor conocida como la Ley de Protección Social por Accidentes de Vehículos de Motor se adoptó con el propósito de atemperar a tiempos vigentes las disposiciones de la derogada Ley Núm. 138 de

---

[2] Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).
[3] Notificada el 25 de septiembre de 2023.

26 de junio de 1968, según enmendada. El objetivo de esta medida es proveer un seguro obligatorio y compensar a los asegurados por accidentes de tránsito, ya sea por daños corporales, enfermedad o muerte que surja como consecuencia del accidente. Mediante la aprobación de este estatuto, se reconoció la existencia e importancia de la ACAA, por lo que se propicia la agilidad y modernización de dicha institución, con el fin de proveer servicios de calidad y promover la prevención de accidentes de vehículos de motor.

En lo pertinente, la Ley Núm. 111-2020, *supra*, reconoce a todo lesionado y dependiente elegible ciertos beneficios, incluyendo pagos por incapacidad, pagos por pérdida de ingresos por incapacidad, y pagos de servicios médico-hospitalarios. Véase, Art. 4 de la Ley Núm. 111-2020, 9 LPRA sec. 3164. Por ende, para recibir estos beneficios, es necesario que el lesionado pueda demostrar elegibilidad, o sea, el "cumplimiento de los requisitos que permiten cualificar a un lesionado para recibir los servicios o beneficios dispuestos en la Ley Núm. 111-2020, su Reglamento y las políticas médicas aprobadas". Véase, Regla 3 (40) del Reglamento Núm. 9249, aprobado el 14 de agosto de 2020.

Además, existen ciertas instancias en las cuales una persona puede quedar excluida de estos beneficios, entre ellas, "[a]quellas que, a pesar de haber recibido los beneficios de servicios médicos hospitalarios, abandonen su tratamiento médico por noventa (90) días calendario o más sin justificación médica del facultativo que atiende el servicio que recibe o solicita". Véase, Art. 6 (i) de la Ley Núm. 111-2020, 9 LPRA sec. 3166.

**III.**

En el caso de autos, la Junta de Directores de la ACAA declaró Ha Lugar la solicitud presentada por la Sra. Perdomo Tavárez, y ordenó se le concediera el reemplazo de certificación de

autorización de servicios para radiografías de rodilla izquierda, rodilla derecha y espalda media. En su escrito, la parte recurrente expresa estar de acuerdo con esta determinación. Sin embargo, solicita una compensación económica, y las terapias necesarias para mejorar su salud.

Como ya explicamos, al amparo de la la Ley Núm. 111-2020, *supra*, un lesionado -según definido en la ley- es elegible a ciertos beneficios, incluyendo pagos por incapacidad, pagos por pérdida de ingresos por incapacidad y pagos de servicios médico-hospitalarios. No obstante, estos beneficios no se conceden de forma automática, sino que, el lesionado tiene que ser elegible, entiéndase, que cualifique para recibir los servicios o beneficios que solicita. En este caso, la Junta de Directores de la ACAA determinó que la Sra. Perdomo Tavárez no abandonó su tratamiento y, consecuentemente, podía solicitar el reemplazo de certificación de autorización de servicios para radiografías de rodilla izquierda, rodilla derecha y espalda media.

Como bien surge del recurso que atendemos, la Sra. Perdomo Tavárez no demuestra inconformidad con esta decisión, sino que solicita otros beneficios adicionales, consistentes en una compensación económica y varias terapias. No obstante, **la determinación de si la parte recurrente es elegible o no para recibir estos beneficios adicionales le corresponde**, **en primera instancia**, **a la ACAA**. **Por tanto**, **le corresponde a la Sra. Perdomo Tavárez solicitar**, **ante la propia agencia recurrida**, **los beneficios que exige en su escrito**. **Hasta tanto**, **estamos impedidos de ejercer nuestra facultad como foro revisor**, **pues**, **la determinación de la cual se recurre nada dispuso al respecto**.

Evaluada la totalidad de la prueba presentada, concluimos que la determinación Junta de Directores de la ACAA fue correcta.

La parte recurrente no aportó evidencia suficiente, para derrotar la presunción de corrección que caracteriza la decisión del foro administrativo. Es importante enfatizar que, al desempeñar nuestra función revisora, estamos obligados a considerar la especialización, experiencia y las cuestiones propias de la discreción o pericia de las agencias administrativa. En vista de lo anterior, consideramos que la agencia recurrida no actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron, la totalidad de la evidencia que obra en el récord nos obliga a confirmar el dictamen recurrido.

## IV.

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se confirma la "Resolución" recurrida, emitida por la Junta de Directores de la Administración de Compensaciones por Accidentes Automóviles. Le corresponde a la Sra. Perdomo Tavárez solicitar, ante la propia agencia recurrida, los beneficios que peticiona en su escrito.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones